**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **WBGLMC**, *et al.* | \* |
| **Plaintiffs,** | \* |
| v. | \* Case No.: PWG-14-3460 |
| **PHILLIP BALL, JR.,** | \* |
| **Defendant.** | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Defendant Phillip Ball Jr. executed a promissory note to obtain a $480,000 loan, secured by a lien on his real property, and then defaulted on his loan payments. Plaintiffs Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Tayyaba C. Monto, Joshua Coleman, Richard R. Goldsmith, Jr., and Ludeen McCartney-Green (the "Trustees"), as substitute trustees for the note holder, initiated a foreclosure action against Ball in the Circuit Court for Prince George's County, Maryland.[1] Defendant, who is proceeding pro se, removed to this Court, and I must determine whether this Court has subject matter jurisdiction over this foreclosure proceeding or whether it should be remanded to state court, as Plaintiffs request.[2] Plaintiffs did

---

[1] These meager facts come from the Order to Docket the foreclosure action in state court, ECF No. 2, and Plaintiffs' Motion to Remand and Supporting Memorandum, ECF No. 4. Although Defendant has filed an Opposition, ECF No. 5, he does not contest Plaintiffs' description of the facts. Defendant lists "WBGLMC" of Bethesda, Maryland as Plaintiff on his Civil Cover Sheet, ECF No. 1-1; the Order to Docket lists the Trustees as the Plaintiffs and provides the same Bethesda, Maryland address for the Trustees as Defendant provided for WBGLMC. *See* Order to Docket.

[2] Plaintiffs' Motion is briefed fully, as Plaintiffs have not filed a reply and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is unnecessary. *See* Loc. R. 105.6.

not raise any federal questions in their Complaint against Defendant, and the filings, factually sparse as they are, suggest that Mr. Ball and WBGLMC are Maryland residents. I conclude that this Court lacks subject matter jurisdiction, and I remand this case.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States," pursuant to 28 U.S.C. § 1332(a). When a plaintiff files such an action in state court, the action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant contends that this Court has federal question jurisdiction under § 1331 because Plaintiffs "violated SCRA," specifically "SCRA section 303." Civ. Cover Sheet. Yet, even if Defendant had properly pleaded a counterclaim in this threadbare allegation that an unidentified federal law was violated, it would not give rise to federal question jurisdiction, because "'the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed ... It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) (citing 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557)). Moreover, Plaintiffs assert, and Defendant does not dispute, that the "case is an *in rem* foreclosure proceeding, under Maryland state law, against property located in Maryland." Pls.'

Mem. 5; *see* Def.'s Opp'n; Order to Docket.  Therefore, this Court does not have federal question jurisdiction.  *See* 28 U.S.C. § 1331.

Nor does this Court have diversity jurisdiction.  In his Civil Cover Sheet, Defendant identifies himself as a Maryland citizen and lists Plaintiff WBGLMC's address as "4520 East West Highway #200 Bethesda, MD."  Therefore, assuming WBGLMC is a Plaintiff, the parties are not diverse.  Further, even if none of the Plaintiffs were Maryland citizens, it is undisputed that Defendant is a Maryland citizen, Plaintiffs brought this case in Maryland, and "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

Simply put, this is an *in rem* foreclosure action concerning Maryland real property and between Maryland residents, and no basis exists for federal question or diversity jurisdiction.  Because this Court lacks subject matter jurisdiction, I will grant Plaintiffs' motion and remand this case to the Circuit Court for Prince George's County.  *See* 28 U.S.C. § 1447(c).

Accordingly, it is, this 8th day of December, 2014, hereby ORDERED that

1. Plaintiffs' Motion to Remand, ECF No. 4, IS GRANTED;
2. Defendant's Motion for Additional Time, ECF No. 8, IS DENIED AS MOOT; and
3. The Clerk IS DIRECTED to remand this case to the Circuit Court for Prince George's County, Maryland, and to close this case.

                                           /S/
                                      Paul W. Grimm
                                      United States District Judge

lyb